MARY P. CATES AND ANOTHER v. ROSE BROTHERS.[1]

February 6, 1931.

No. 28,286.

[1] Reported in 234 N. W. 681.

*Eugene M. O'Neill* and *Lewis L. Anderson,* for appellant.
*Walsh, Jackson, Walsh & Yackel,* for respondents.

Wilson, C. J.

Defendant appealed from a judgment entered after a denial of an alternative motion for judgment non obstante or a new trial.

The sole question is whether the court erred in directing a verdict for plaintiffs, leaving the amount thereof for the jury's determination.

The action is to recover for the destruction of a dwelling house. Defendant, acting under authority from the city officials of St. Paul, tore down and removed a building upon the theory that it had been condemned under ordinance No. 5580.

The defendant undertook to show in the trial of the case that the building had been condemned under the ordinance. One of the requirements was the posting of a copy of the order of condemnation upon the condemned building. In the trial the city superintendent of inspection testified that he caused the order to be posted on the house by a Mr. Wright. This testimony alone can hardly be said to establish the fact of the posting, nor does it indicate when it was posted. Mr. Wright was called as a witness, but for undisclosed reasons he was not asked anything about the posting of the order. He did not testify that he posted it. No one testified that any person posted it. No one says he saw it posted. The evidence

would not support a finding that it was posted. The trial court could do nothing but direct a verdict as it did.

Affirmed.